UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 03-355 |
| JEROME VINCE | SECTION "K" (5) |

### ORDER AND REASONS

Before this court is Petitioner Jerome Vince ("Vince") seeking post conviction relief pursuant to Title 28, United States Code, Section 2255. After consideration of the record, memoranda and applicable law, this Court finds that Vince is not entitled to such relief for the reasons that follow.

### I. BACKGROUND

On March 17, 2004, Jerome Vince, now incarcerated in the Federal Correctional Institution in Oakdale, Louisiana, was indicted on one count of knowingly and intentionally conspiring to distribute and possess with the intent to distribute more than five hundred grams,

1

but less than five kilograms, of cocaine hydrochloride in violation of Title 21, U.S.C. Section 841(b)(1)(B) and Section 846.  On March 31, 2004, Vince plead guilty to count one of the Bill of Information.  The guilty plea was part of an agreement reached between the defendant and the United States, the terms of which were clearly enumerated.  Pursuant to the plea agreement, Vince expressly waived his right to appeal his sentence on any ground, and agreed "not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, U.S.C. § 2255."  *See* Plea Agreement, at p. 2 (Rec.Doc. No. 189).  The defendant reserves the right to appeal only if a) the sentence imposed is in excess of the statutory maximum, or b) the sentence imposed constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.  *Id.*  The defendant, through his counsel, affirmed that all terms of the agreement were understood, and the agreement was signed by both the defendant and his counsel.

During the sentencing hearing, this court sentenced Vince to 97 months followed by a supervised release period of five years.  This sentence fell within the guideline range based on his offense level computation.[1] The sentence reflects a two-point enhancement Vince received pursuant to § 2D1.1(b)(1) of the  Federal Sentencing Guidelines for possession of a firearm in furtherance of a drug related crime.  During sentencing, Vince's defense counsel objected to the enhancement, and argued that the guns were not possessed by the defendant in connection with the instant offense.  The court overruled the objection and enhanced the sentence accordingly.

---

[1] The guideline range for this sentence was between 78 and 97 months, with a statutory maximum of forty years.  This Court sentenced Vince at the top end of the guideline range because he dealt in a significant amount of cocaine and because of his recidivism.  *See* Order Denying Motion to Make Alternative Sentence Executory, at p. 2 (Rec.Doc.No. 458).

*See* Transcript of Sentencing, at p. 38-39 (Rec.Doc.No. 482).

Vince now moves to have his sentence vacated pursuant to Section 2255. He alleges that: 1) his petition for post conviction relief was timely;[2] 2) his sentence was erroneously enhanced because firearms were found at his residence, and not the "site of charged conduct," *See* Motion to Vacate, at p. 11 (Rec.Doc.No. 486); and 3) he was subjected to ineffective assistance of counsel because his attorney did not contest the enhancement and also failed to file an appeal thereof.

## II.  ANALYSIS

A.   *Erroneous Enhancement of Sentence*

Vince now challenges his sentence by asserting it was erroneously enhanced for firearms possession pursuant to Federal Sentencing Guideline § 2D1.1(b)(1), because he was not charged with any offense relating to items found in his home. As stated above, Vince expressly waived his right to appeal his sentence and conviction, and also waived his right to any other post-conviction relief, including relief he now seeks under § 2255. As such, the appeal of the enhancement is barred procedurally.

The right to appeal a criminal conviction is statutory, not constitutional, in nature. *Abney v. United States*, 431 U.S. 651, 656 (1977). Therefore, any challenge to Vince's sentence must

---

[2] This Court need not address whether the action was timely because petitioner's claim fails on both of the substantive grounds asserted.

come in the form of a statutory direct appeal instead of under a motion for § 2255 post-conviction relief. This statutory right, however, can be waived by the defendant as part of a plea agreement. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Per Vince's plea agreement, he is only entitled to appeal if 1) his sentence exceeds the statutory maximum, and 2) the sentence falls outside the sentencing guideline. *See* Plea Agreement, at p. 2 (Rec.Doc. No. 189). Vince's sentence does not fall within either of these exceptions. As such, he is procedurally barred from appealing his sentence.

Assuming, *arguendo*, that Vince did have standing to appeal the enhancement, his claim would fail on the merits. Pursuant to § 2D1.1 "the defendant's sentence should be increased by two levels whenever, in a crime involving the manufacture, import, export, trafficking, or possession of drugs, the defendant possessed a dangerous weapon." *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001). The government must show by a preponderance of the evidence that "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993) (*quoting United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991)). "Generally, the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *Id.* Lastly, the enhancement should be added unless "it is clearly improbable that the weapon was connected with the offense." United States Sentencing Guidelines, Section 2D1.1, Application Note 3.

The defendant, in the signed Factual Basis, admitted to "two firearms, a cocaine cutting agent, a plastic bag containing cocaine residue, a digital scale, and small amounts of marijuana" being found in the home upon execution of a search warrant. *See* Factual Basis, at p. 2

(Rec.Doc.No. 190). In addition, this Court, while conducting the sentencing hearing, heard testimony from Special Agent Davis, the lead agent, who was present during the search of the defendant's home. Special Agent Davis was able to corroborate what was found in the home. *See* Transcript of Sentencing, at p. 31-34 (Rec.Doc.No. 482). Based on the evidence presented by the government, and after enumeration and analysis by the Court of the legal tests cited above, the Court found that the appropriate relationship existed, and denied the request to remove the enhancement. *See Id.* at 38-39.

B.     *Ineffective Assistance of Counsel*

Petitioner claims that his counsel was ineffective both because he did not contest the firearms enhancement and because he did not file a direct appeal of the enhancement. The petitioner's claim fails for several reasons.

Although Vince did agree to waive all rights to appeal, and although such waivers are generally valid, they "may not always apply to a collateral attack based upon ineffective assistance of counsel." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)(*citing United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993)). Section 2255 relief is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in the complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996)(*quoting United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)(*per curiam*). Vince's claim here is, indeed, constitutional in nature, and, assuming it was timely, would be properly

5

filed.

Petitioner correctly cites *Strickland v. Washington*, 466 U.S. 668 (1984) as the starting point in the determination of whether defense counsel's alleged insufficiency constituted a violation of the defendant's rights. Per *Strickland,* the defendant must be able to show that "(1) his counsel's actions fell below an objective standard of reasonableness, and (2) the ineffective assistance of counsel prejudiced him." *quoting United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996). A showing of prejudice requires that "[T]here is a probability that but for the counsel's deficiency, the defendant's sentence would have been significantly less harsh." *United States v. Walker*, 68 F.3d 931 (5th Cir. 1996)(*citing United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). The *Payne* court further declared that counsel's conduct should be reviewed with "great deference, strongly presuming that counsel has exercised reasonable professional judgment." *Id.* (*quoting Lockhart v. McCotter,* 782 F.2d 1275, 1279 (5th Cir. 1994))(internal quotation marks omitted).

Petitioner's first claim of ineffectiveness due to counsel's failure to contest the enhancement is without merit as Vince's defense counsel did indeed protest the enhancement for the firearms possession during the sentencing. *See* Sentencing Transcript, at p. 29 (Rec.Doc.No. 482). In fact, defense counsel cross-examined the government's witness challenging his testimony that there existed the required nexus between the drugs and the weapons. *Id.* at 34-37. As it is clear from the record that defense counsel did protest the enhancement, this portion of the ineffectiveness claim must fail.

The portion of the ineffectiveness claim relating to counsel's failure to file a direct appeal of the enhancement is also without merit. As pointed out earlier in this opinion, the defendant

signed a plea agreement that precluded him from appealing his sentence on any ground, excepting sentences in excess of the statutory maximum or the guideline range. The terms were again made clear to the defendant at the conclusion of the sentencing. *See* Sentencing Transcript, at p. 56-57 (Rec.Doc.No. 482). Once again, Vince's appeal falls outside the parameter of rights that were reserved by the plea agreement. Therefore, the Court finds that the defense counsel's actions were reasonable in light of the plea agreement that barred the appeal of Petitioner's sentence. Accordingly,

**IT IS ORDERED** that Jerome Vince's petition for post conviction relief pursuant to Title 28, United States Code, Section 2255 be **DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this 28th day of February, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**